[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried in Brooklyn, New York on December 31, 1991. The defendant has resided in Connecticut continuously for more than one year, and all statutory stays have expired. There are no children issue of the parties. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff, age 34, enjoys good health. She is a native of Sweden where she was raised and educated. She currently resides there and is employed as a salesperson for a wine importing company.
The defendant, age 41, also has no health problems. He holds a B.S. degree and a Masters degree in Public Affairs. He is employed by a corporation that develops affordable housing for people with special needs. He holds the position of acquisition manager who aids in structuring financing for purchasers.
The parties have lived both in the United States and Sweden during their marriage. The defendant left the plaintiff in Sweden in 1998, and they have not lived together on a regular basis since then. Both agree that their marriage has irretrievably broken down, yet appear to regret having it terminated at this time. The court finds that, although the plaintiff made significant contributions to the failure of the relationship, each party must share some responsibility for the breakdown. Differences over financial issues, where to live and family ties were too great for this marriage to survive.
The court has carefully considered the criteria set forth in General Statutes Sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter: CT Page 6097
(1) Alimony:
Neither party has requested periodic alimony. The plaintiff may be eligible for an award for a limited period of time and for a limited amount because of the differences between the incomes of the parties. However, based on the award to the plaintiff entered hereafter, pursuant to General Statutes Section 46b-81 and the further award to the plaintiff pursuant to General Statutes Section 46b-62, and based partly on the request of the parties, it is ordered that no periodic alimony shall be payable by either party to the other.
(2) Property Division:
a. The defendant shall pay to the plaintiff as and for a lump sum property distribution pursuant to General Statutes Section 46b-81 the sum of eighty thousand ($80,000) dollars.
b. the plaintiff shall retain all assets standing in her name and the entire balance in the joint savings bank account with the defendant free and clear of any claim thereto by the defendant.
c. Except as provided in sub paragraphs a and b above, the defendant shall retain all assets standing in his name free and clear of any claim thereto by the plaintiff. Also, the defendant is awarded any and all interests he has in trusts established by his late parents for his benefit as well as any interests he has in their estates free and clear of any claim thereto by the plaintiff.
It is noted that considerable evidence was presented as to the present values of the defendant's interests in the trusts of his father and the estate of his mother. The court finds that the values presented by the defendant, with a minor adjustment, are appropriate. The court finds the present values of the defendant's vested interests in trusts and the estate total $1,310,528. This consists of the $1,221,457 presented by the defendant plus $89,071, the present value of the defendant's interests in the two trusts from which he derives income only.
d. The defendant shall transfer to the plaintiff the title to the 1992 Mazda automobile owned by the defendant.
e. The plaintiff shall return to the defendant, at the defendant's expense, the Oriental rug given to them by the defendant's parents as a wedding gift and the defendant's father's wooden valet stand.
(3) Debts: CT Page 6098
Each party shall be responsible for her or his own separate debts.
(4) Tax Returns:
The defendant shall indemnify, save and hold the plaintiff harmless with respect to any joint federal, state or municipal income tax return filed by the parties.
(5) Legal Fees:
The plaintiff has requested an award of counsel fees. The court has concluded that an award is appropriate. To reach that decision, the court has considered the following:
a. The respective financial abilities of the parties (C.G.S. Section46b-62);
b. The criteria set forth in C.G.S. Section 46b-82, in particular the amount and sources of income, vocational skills and the estates of the parties;
c. A denial of the plaintiff's request for counsel fees would unduly impair and undermine the other financial awards entered.
The defendant shall pay to the plaintiff as a contribution to her counsel fees the sum of thirty thousand ($30,000) dollars.
Judgment may enter accordingly.
NOVACK, J.